IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 322-005 |
| | * | |
| SHAKEENA HAMILTON | * | |

O R D E R

Defendant Shakeena Hamilton filed a form order indicating that she wishes to file a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Given the timing of the motion, the Court presumes that she is requesting a modification of sentence based upon Amendment 821 to the United States Sentencing Guidelines.

Amendment 821 went into effect on November 1, 2023, after Defendant was sentenced. Amendment 821 (Part B) provides a retroactive decrease in offense level for certain "zero point" offenders. Defendant was not a zero-point offender; she was assigned four criminal history points.

Amendment 821 (Part A) provides a retroactive adjustment for certain offenders whose criminal history was impacted by "status points" under U.S.S.G. § 4A1.1. Here, Defendant's criminal history computation was impacted by status points, but Amendment 821 provides no relief. Under the prior version of § 4A1.1, Defendant's criminal history score of 4 was increased by two "status points" because she

had committed this federal offense while under a criminal justice sentence. Under the amended § 4A1.1, Defendant would not receive any status points. Thus, her total criminal history score would fall from 6 to 4 upon retroactive application of § 4A1.1(e). The problem for Defendant is that whether she has a criminal history score of four or six, her criminal history category remains unchanged at III. That means here guideline range of 57 to 60 remains unchanged.[1]

Because Amendment 821 has no effect on her guideline range, Defendant Hamilton's motion to reduce her sentence based upon Amendment 821 (doc. no. 31) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 18th day of July, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Defendant's guideline range was computed to be 57 to 71 months for total offense level 23 and criminal history category of III. Because the statutorily authorized maximum sentence of five years is less than the maximum of this guideline range, her actual guideline range became 57 to 60 months.

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

24 MAR 15 AM 9:41

CLERK
SO. DIST. OF GA

# UNITED STATES DISTRICT COURT
for the

United States of America
v.
Shakeena C. Hamilton

Case No: 3:22CR00005-1
USM No: 95579-509

Date of Original Judgment: 08/30/2022
Date of Previous Amended Judgment: _____
(Use Date of Last Amended Judgment if Any)

Defendant's Attorney: Mitchell Shook

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of [X] the defendant [ ] the Director of the Bureau of Prisons [ ] the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

IT IS ORDERED that the motion is:
[ ] DENIED.  [ ] GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months is reduced to _____.
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
IT IS SO ORDERED.

Order Date: _____

_____
Judge's signature

Effective Date: _____
*(if different from order date)*

_____
Printed name and title